Per Curiam,
Rule to quash discharged, as the writ is not yet returnable.
. Jan. 3,1887, a judgment of non-pros, was entered. On the same day, the rule for penalties was entered, the defendant in error filing an affidavit substantially the same as before.
Plaintiff in error then filed the following affidavit:
“ Thomas Depuy, being duly sworn, says he is the plaintiff in error in above-stated case; he emphatically denies, in the most positive terms, that the writ of error in this cause was sued out by him only for the purpose of delay and of keeping said Okie, defendant in error, out of possession of said premises in dispute, as alleged by said Okie as his belief in the affidavit filed by him, Okie, herein for the present rule, &c. That, at the time of the suing out of said writ of error, and before and since, deponent, plaintiff in error, acted under the advice of counsel, and deponent was advised by his said counsel, and he so believed, and still believes, that he, plaintiff in error, had good, meritorious and legal grounds for a review and correction, by this honorable court, of said cause and proceedings therein in the court below. That, while these proceedings were pending in this court, he, deponent, determined to vacate and remove from the premises in dispute, to avoid further trouble, annoyance and indignities from said landlord, defendant in error; that, in pursuance and furtherance of said resolve, he leased and rented other premises for the prosecution of his business, and has removed thereto and located thereat (in the doing of which he has acted solely under advice of counsel); that, sometime in March or April last, deponent offered to pay the defendant in error all money, rent, interest, &c., due and owing up to that time, and requested a statement thereof to enable him so to do, same to be paid without prejudice to defendant in error, and with the express understanding that he, defendant in error, was to waive none of his rights in the premises. Deponent made this offer bona fide, and simply to allow defendant in error to have the use of the said moneys, interest, &c., all of which offer defendant in error positively refused to, and would not, accept, and replied that he would rather wait until the case was finally ended.' Deponent further avers that he, by his counsel, visited the defendant in error sometime about the beginning of De *773 cember, 1886, and notified him of his, deponent’s, intention to remove from said premises before, or by the end of, his then current month, December, and demanded a full statement and account of the full amount of rent, interest, costs and charges of every kind due and owing him in the above matter, in order that he, deponent, might pay the same and remove from said premises. Defendant in error referred the matter to his counsel and refused to act in the matter at all. Defendant’s counsel, about the middle of same month, December, made the same request (twice) to the counsel of defendant in error, and he has, down to the present time, failed, neglected and refused, to make the said statement so demanded and required, as aforesaid. Deponent’s reason for not prosecuting his said writ to a final determination are hereinbefore stated, and none other.”
J. W. Mercur and H Haverstick, for rule for penalties.
W. H. Redhcffer, contra.
Per Curiam,
Jan. 8, 1887.
The rule for penalties under the Act of May 25, 1874, is made absolute.
See, also, the preceding case.